UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.M.-M., *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Kenneth T. Cuccinelli II, *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-02676-RDM |

**DEFENDANTS' STATEMENT OF
UNDISPUTED MATERIAL FACTS**

　　　　This is a case seeking review of substantive agency action under the Administrative Procedure Act (APA). In such cases, summary judgment "serves as the mechanism for deciding, as a matter of law, whether agency action is . . . consistent with the APA standard of review." *Sierra Club v. Mainella*, 459 F.Supp.2d 76, 90 (D.D.C. 2006) (citing *Richards v. INS*, 554 F.2d 1173, 1177 & n. 28 (D.C. Cir. 1977)). Accordingly, when a party seeks review of agency action under the APA," the usual summary judgment standard does not apply and "the district judge" instead "sits as an appellate tribunal." *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001). There is no factual "record" in such a case, other than the administrative record before the agency. *See, e.g.*, *IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made."); *Gore v. D.C.*, 67 F. Supp. 3d 147, 151 (D.D.C. 2014) ("Contrary to Plaintiff's contention, parties are not required to submit a statement of undisputed materials facts in cases where 'judicial review is based solely on the administrative record.'"). Thus, Defendants submit this Statement of

1

Undisputed Material Facts in support of their justiciability arguments in Defendants' Opposition to Plaintiffs' Preliminary Injunction Motion, which this Court has since converted to a partial summary judgment motion. *See* December 3, 2019 Minute Entry; *Chesapeake Climate Action Network v. Export-Import Bank of the U.S.*, 78 F. Supp. 3d 208, 217 (D.D.C. 2015) ("Although judicial review of agency action is typically confined to the administrative record, where there is not sufficient evidence of standing in the record because the question was not before the agency, plaintiffs may submit extra-record evidence to establish standing.").

1. Plaintiff L.M.-M. and her two children arrived at Dilley Detention Center at 4 p.m. on August 13, and were given more than 24 hours to consult with an attorney of their choosing prior to their credible fear interview, which occurred at 10:00 a.m. on August 15. L.M.-M. Decl. ¶¶ 5, 7-9; Supplemental L.M.-M. Decl. ¶ 4.

2. Plaintiff L.M.-M. did not seek a continuance of her credible fear interview. Supplemental L.M.-M. Decl. ¶ 4.

3. During Plaintiff L.M.-M.'s credible fear interview, the asylum officer asked L.M.-M. if she wished to pause the interview on account of a toothache. L.M.-M. indicated that she did not want to pause the interview. L.M.-M. Decl. ¶¶ 6; 12.

4. During Plaintiff L.M.-M.'s credible fear interview, the asylum officer asked L.M.M- about political issues in Honduras as well as other harm in Honduras that L.M.-M. feared. L.M.-M. Decl. ¶ 10.

5. Plaintiff L.M.-M. and her two children received a negative credible fear finding that was affirmed by an Immigration Judge, and they are currently subject to final orders of removal. Supplemental L.M.-M. Decl. ¶ 2.

6. Plaintiff M.A.-H. and her daughter arrived at Dilley Detention Center at 4 p.m. on August 21, and were given more than 24 hours to consult with an attorney of their choosing prior to their credible fear interview, which occurred at 8:00 a.m. on August 23.  Compl. ¶ 175; M.A.-H Decl. ¶¶ 22-24; Supplemental M.A.-H Decl. ¶¶ 5-8.

7. During her credible fear interview, Plaintiff M.A.H. told the asylum officer that her second husband wanted to hit her.  M.A.-H Decl. ¶ 27.

8. Plaintiff M.A.-H and her daughter received a negative credible fear finding that was affirmed by an Immigration Judge, and they are currently subject to final orders of removal. Supplemental M.A.-H Decl. ¶ 13.

9. Staff and volunteers that are members of Plaintiff Refugee and Immigrant Center for Education and Legal Services ("RAICES") met with 150-250 individuals per day prior to April 2019, but after existing visitation procedures at Karnes Detention Center were changed, RAICES staff is now able to meet with approximately 50 to 70 persons per day. Meza Decl. ¶¶ 13; 18.

10. The changes to visitation procedures at Karnes Detention Center are not at issue in this lawsuit.  Meza Decl. ¶¶ 13-14; 18.

11. RAICES contends that the policies it challenges have forced it to "divert scarce resources away from other important programs to compensate for the additional time, procedures, and staff required to continue serving clients under the policy" and because "RAICES is forced to spend more resources on each individual case."  Meza Decl. ¶ 14.

12. Defendant United States Citizenship and Immigration Services (USCIS) has not promulgated, authorized, or implemented any written policy that there shall not be an in

person legal orientation for individuals seeking asylum at the Dilley Family Residential Center or any other location.  Caudill-Mirillo Decl. ¶¶ 3-4; AR113-14.

                Respectfully submitted,

                JOSEPH H. HUNT
                Assistant Attorney General

                SCOTT G. STEWART
                Deputy Assistant Attorney General

                WILLIAM C. PEACHEY
                Director

                EREZ REUVENI
                Assistant Director

                By: /s/ *Archith Ramkumar*
                ARCHITH RAMKUMAR
                Trial Attorney
                Office of Immigration Litigation
                U.S. Department of Justice, Civil Division
                P.O. Box 868, Ben Franklin Station
                Washington, DC 20044
                Tel: (202) 598-8060
                Email: Archith.Ramkumar@usdoj.gov

Dated: December 17, 2019        *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 17, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

                                                  By: */s/ Archith Ramkumar*
                                                  ARCHITH RAMKUMAR
                                                  Trial Attorney