## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| L.M.-M., et al.,<br><br>   *Plaintiffs*,<br><br>  vs.<br><br>KENNETH T. CUCCINELLI II, in his<br> purported official capacity as acting<br> Director of U.S. Citizenship and<br> Immigration Services, et al.,<br><br>   *Defendants.* | Case No. 1:19-cv-2676 (RDM) |

## JOINT STATUS REPORT

The parties respectfully submit the following joint status report. Counsel for the parties met and conferred multiple times via email before submitting this report. However, the parties were largely unable to reach an agreement concerning recommended next steps in this matter, and so have presented their respective positions below. However, the parties agree to adjourn Defendants' obligation to answer the Complaint.

## PLAINTIFFS' REPORT

Based on the statements and actions of Defendants since the Court issued its Memorandum Opinion and Order, Plaintiffs are not confident that the factual backdrop underpinning the Federal Vacancies Reform Act claim is sufficiently settled that entry of partial final judgment under Rule 54(b) is appropriate, and submit that Defendants' actions undermine any inference that there is "no just reason for delay." Fed. R. Civ. P. 54(b). Plaintiffs therefore believe the Court should refrain from entering partial final judgment under Rule 54(b), and instead direct the parties to file another joint status report in 30 days.

*First*, the day after the Court issued its Memorandum Opinion and Order, Mr. Cuccinelli announced that Defendants will move to "effectively reissue[] and validate[]" the two Asylum Directives set aside by the Court.[1] Mr. Cuccinelli remains both the Senior Official Performing the Duties of the Director, USCIS, and the Senior Official Performing the Duties of the Deputy Secretary, DHS.[2] Counsel for Defendants have neither repudiated this announcement nor specified when any such action will occur, either in their correspondence or in their representations as to the status of the case below. Any attempt to ratify the Asylum Directives would violate the FVRA's unambiguous prohibition on ratification, 5 U.S.C. § 3348(d)(2), and would run contrary to the Court's interpretation of Section 3348, including the definition of "functions or duties" under Section 3348(d), *see* Mem. Op. at 41-50, Dkt. 34. The issues likely to be raised by such an attempt at ratification or reissuance are sufficiently similar to, and intertwined with, the FVRA issues decided by the Court that it does not make sense to issue a partial judgment at this time. Moreover, even if the Court were to conclude that any such action is consistent with the FVRA, that would mean that Plaintiffs' other, non-FVRA claims, many of which have been briefed, would be ripe for decision.

Plaintiffs dispute that an attempt to ratify or reissue the two Directives would need to be challenged in a new proceeding, particularly given that any such attempt would run counter to the Court's conclusions with respect to Section 3348(d). Mem. Op. at 41-50. Such action would at a minimum require RAICES, and potentially the individual Plaintiffs, to seek additional relief

---

[1]   *Ken Cuccinelli Reacts to Judge Ruling He Was Unlawfully Appointed to Lead US Immigration Agency*, Fox News (Mar. 2, 2020), https://video.foxnews.com/v/6137624972001#sp=show-clips ("So, we'll—you can expect to see those effectively reissued and validated, and that's just as a precautionary measure while an appeal goes forward, so it's, uh, it'll be business as usual until this is all played out.").

[2]   *See Leadership*, DHS, https://www.dhs.gov/leadership (last visited Mar. 12, 2020).

from the Court, including an order clarifying that any such action itself violates the FVRA and/or

setting aside any such action. Needless to say, Plaintiffs do not agree that RAICES lacks

standing or the ability to sue under § 1252(e)(3), *see* Reply ISO Mot. for Prelim. Inj. at 4-6, Dkt.

19, and the Court did not hold as much, Mem. Op. at 17, Dkt. 34. Nor do the Court's statements

about authority to set aside the removal orders of individuals not party to the case have any

bearing on whether RAICES could seek to set aside any ratified or reissued Directives that

perpetuated its organizational harms.[3] Moreover, the five individual Plaintiffs have not yet been

fully reprocessed by USCIS: Plaintiffi L.M.-M. and her children have not yet received credible

fear determinations, and Plaintiff M.A.-H. and her daughter could request an additional

continuance, if warranted under Defendants' prior policies.

*Second*, Plaintiffs are concerned that Defendants may not yet have fully complied with

the Court's Order and fully reverted to their prior policies with respect to the two Directives set

aside by the Court. In particular, Plaintiffs have reason to believe that asylum seekers at family

detention centers may not be receiving "*72 hours* after arrival at the facility and re-orientation by

USCIS to seek and receive consultation." AR113, Dkt. 18-3. However, Plaintiffs would prefer to

continue to investigate these issues and confer with Defendants before seeking relief from the

Court. Addressing these compliance questions may require further clarification from the Court

and/or motions for further relief pursuant to the Court's Order, either of which could touch on

issues related to those that might be at issue on appeal. Such issues would not be outside the

scope of the Court's decision, both because the Court expressly left open whether Plaintiffs

might be entitled to injunctive relief, Mem. Op. at 53, Dkt. 34 ("[A]bsent the need to take further

---

[3]   Defendants misconstrue RAICES's standing as an attempted assertion of third-party standing
on behalf of individuals not before the Court. But, as Plaintiffs have repeatedly articulated,
RAICES has organizational standing based on the injuries it has suffered firsthand.

action, the Court will decline Plaintiffs' request for an injunction."), and because continuing to apply policies that have been set aside would flout the Court's Order.

For these reasons, Plaintiffs believe that entry of a partial final judgment under Rule 54(b) is premature until the government's plans regarding attempted verification and compliance can be assessed. If Defendants intend to seek an immediate appeal of the Court's order, then they are welcome to seek one through other legal avenues, *see* 28 U.S.C. § 1292(a), (b), and Plaintiffs will respond to such actions in due course. However, if the Court deems it necessary to enter judgment at this time, Plaintiffs request that the Court order another joint status report within 30 days for the purpose of addressing these issues.

### DEFENDANTS' REPORT

Defendants' position is that the only logical next step is for this Court to enter final judgment pursuant to Fed. R. Civ. P. 54(b).  Because this Court held that it lacked jurisdiction over one of the Directives Plaintiffs challenge, set aside the remaining two Directives, and vacated the individual Plaintiffs' credible fear determinations and expedited removal orders, *see* Dkt. 34 at 54-55, Plaintiffs cannot obtain any further relief from this Court.

With respect to the individual Plaintiffs, consistent with this Court's decision, the individual Plaintiffs' credible fear interviews were promptly scheduled in accordance with agency policies in existence prior to the two Directives this Court set aside.  Each of the Plaintiffs sought and received continuances of their credible fear interviews, and after receiving continuances, Plaintiff L.M.-M. and her two minor children had their credible fear interviews on March 10, 2020.  Plaintiff M.A.H. and her minor child, meanwhile, sought and received a second continuance to schedule their credible fear interviews on March 13, 2020.  Since they were processed in accordance with the policies in place prior to the promulgation of the two Directives this Court set aside, the individual Plaintiffs no longer have a cognizable claim based on the

operative Complaint filed in this case.  And the only way the individual Plaintiffs would be

subject to any ratified or re-issued Directives in the future would be if Plaintiff M.A.H. continued

to seek and receive multiple continuances until new policies not presently in existence applied to

her.  At that point, however, Plaintiff M.A.H. and her children would have had more than 48

hours to consult with counsel and would have received multiple continuances of their credible

fear interviews, so they would lack the ability to claim any harm based on any re-issued

Directives in any event.

The presence of RAICES as an organizational plaintiff does not change the conclusion

that this Court should enter final judgment.  As an initial matter, Defendants reiterate their view

that organizations like RAICES lack the ability to sue under 8 U.S.C. § 1252(e)(3), *see* Dkt. 17 at

12-14, an issue this Court did not decide in adjudicating the parties' cross-motions for partial

summary judgment.  *See* Dkt. 34 at 17.  Even if RAICES could obtain relief under 8 U.S.C. §

1252(e)(3), however, this Court was clear that the "consequences of" the decision it rendered

"with respect to parties not before the Court ... lies beyond this Court's jurisdiction" because

those "individuals are not parties to this case" and because 8 U.S.C. § 1252(e)(1) forecloses

certification of a class under Fed. R. Civ. P. 23.  Dkt. 34 at 54.  None of RAICES' members were

subjected to the two Directives that were set aside, and this Court was clear that its holding with

respect to the individual Plaintiffs did not extend to individuals that RAICES represents who are

"not parties to this case."  Dkt. 34 at 54.  Thus, RAICES cannot obtain any further relief from

this Court other than a "declaratory judgment[]," Dkt. 34 at 52, setting aside the two Directives

challengeable under 8 U.S.C. § 1252(e)(3), which this Court has already done.

Plaintiffs make much of the fact that it is possible that the Directives could, at some point

in the future, be re-issued or ratified.  But, in the event that occurs, a lawsuit challenging those

Directives would require a new Complaint with new Plaintiffs affected or impacted by any new

policies for the reasons stated above.  Importantly, entering final judgment in this case will not

prejudice Plaintiffs in any way because implementation of any newly promulgated policies

would restart the 60-day clock under 8 U.S.C. § 1252(e)(3)(B).  So in the event new Directives

are issued or ratified, those Directives can be challenged under 8 U.S.C. § 1252(e)(3), once

plaintiffs are identified who are processed under those Directives and provided that the asserted

claims meet the remaining prerequisites of 8 U.S.C. § 1252(e)(3).

Plaintiffs have also expressed concern regarding Defendants' compliance with the

policies in effect before the issuance of the Directives this Court set aside.  But any such

compliance issues are outside the scope of this Court's decision because, as Defendants

explained, there is a crucial distinction between set-aside relief and injunctive relief, *see* Dkt. 25

at 13-20, and this Court specifically "decline[d] Plaintiffs' request for an injunction" in view of

the Supreme Court's admonition that an injunction is "a drastic and extraordinary remedy" and

"a district court vacating an agency action under the APA should not issue an injunction unless

doing so would have [a] meaningful practical effect independent of [the policy's] vacatur."  Dkt.

34 at 52-53 (quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010)); *see also*

*O.A. v. Trump*, 404 F. Supp. 3d 109, 153-54 (D.D.C. 2019).  Moreover, claims predicated on any

compliance issues based on previously-existing policies would involve different legal claims and

issues than the claims asserted in the present case.  Contrary to Plaintiffs' assertion, there is no

basis to believe that Defendants are continuing to "apply policies that have been set aside," *i.e.*,

the two Directives this Court invalidated.

Keeping this case open solely based on the possibility that new, similar policies might, at

some point issue in the future, would improperly turn this Court into a monitor over issues and

claims that are not implicated by this lawsuit, especially since 8 U.S.C. § 1252(e)(3) provides a

mechanism for challenging any new policies in a new case with new plaintiffs.  For the

foregoing reasons, Defendants respectfully submit that this Court should enter final judgment.

Dated: March 13, 2020                                      Respectfully submitted,

/s/ John T. Lewis                                          JOSEPH H. HUNT
John Lewis (D.C. Bar No. 1033826)                          Assistant Attorney General
Benjamin Seel (D.C. Bar No. 1035286)
Nitin Shah (D.C. Bar No. 156035)                           SCOTT G. STEWART
DEMOCRACY FORWARD FOUNDATION                                Deputy Assistant Attorney General
1333 H Street NW
Washington, DC 20005                                       WILLIAM C. PEACHEY
(202) 448-9090                                             Director
jlewis@democracyforward.org
bseel@democracyforward.org                                 EREZ REUVENI
nshah@democracyforward.org                                 Assistant Director

Bradley Jenkins*                                           By: /s/ Archith Ramkumar (with consent)
CATHOLIC LEGAL IMMIGRATION                                 ARCHITH RAMKUMAR
NETWORK, INC.                                              Trial Attorney
8757 Georgia Ave., Suite 850                               Office of Immigration Litigation
Silver Spring, MD 20910                                    U.S. Department of Justice, Civil Division
(301) 565-4820                                             P.O. Box 868, Ben Franklin Station
bjenkins@cliniclegal.org                                   Washington, DC 20044
                                                           Tel: (202) 598-8060
Manoj Govindaiah (D.D.C. Bar ID TX0145)                    Email: Archith.Ramkumar@usdoj.gov
REFUGEE AND IMMIGRANT CENTER FOR
EDUCATION AND LEGAL SERVICES                               Counsel for Defendants
802 Kentucky Ave.
San Antonio, TX 78201
(210) 787-3745
manoj.govindaiah@raicestexas.org

Counsel for Plaintiffs

*Admitted pro hac vice