**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| L.M.-M., *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, in his purported official capacity as acting Director of U.S. Citizenship and Immigration Services, *et al.*,<br><br>    *Defendants.* | Civil Action No. 19-2676 (RDM) |

**MEMORANDUM OPINION**

The parties' proposals for further proceedings in this matter are now before the Court. Dkt. 35. The Court previously issued a Memorandum Opinion and Order resolving the individual Plaintiffs' Federal Vacancies Reform Act of 1998 ("FVRA") claims. Dkt. 34. The Court held that the individual Plaintiffs had Article III and statutory standing to sue; that the Court had statutory jurisdiction with respect to portions of Plaintiffs' challenge; that Kenneth T. Cuccinelli II was appointed to serve as the acting Director of U.S. Citizenship and Immigration Services ("USCIS") in violation of the FVRA; and that, as result, two directives that Cuccinelli issued in his capacity as acting Director—the "reduced-time-to-consult" and the "prohibition-on-extensions" directives—had to be set aside. *See id.* at 5. With respect to a third directive—the "in-person-orientation" directive—however, the Court held that it lacked statutory subject-matter jurisdiction, and it thus dismissed Plaintiffs' challenge to that directive. *See id.*

After issuing that decision, the Court directed the parties to file a joint status report proposing next steps for this litigation, including whether the Court should enter partial final

judgment pursuant to Rule 54(b). Minute Order (Mar. 1, 2020). The parties disagree about how to proceed. In Defendants' view, "the only logical next step is for the Court to enter [partial] final judgment" pursuant to Federal Rule of Civil Procedure 54(b). Dkt. 35 at 4. Plaintiffs, in contrast, "believe that entry of a partial final judgment under Rule 54(b) is premature" until they can verify whether Defendants have complied with the Court's decision, *id.*, and until USCIS decides whether it intends to reissue or to ratify the Asylum Directives, *id.* at 2. For the reasons explained below, the Court will enter partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to the individual Plaintiffs' FVRA claims.

## I. BACKGROUND

Plaintiffs, five individual asylum seekers and the Refugee and Immigration Center for Education and Legal Services ("RAICES"), brought this action challenging the lawfulness of three directives issued by Cuccinelli in his purported capacity as acting Director of USCIS. Dkt. 1. As explained in the Court's Memorandum Opinion and Order, Dkt. 34, although Plaintiffs challenged the directives on a variety of grounds, it was necessary for the Court to reach only one of those grounds, *id.* at 29. The Court held that the individual Plaintiffs had constitutional and statutory standing to challenge the directives; that the Court had statutory subject-matter jurisdiction to consider Plaintiffs' challenges to two of the directives—the "reduced-time-to-consult" and the "prohibition-on-extensions" directives; that Cuccinelli's appointment did not comply with the FVRA, and that, as a result, he lacked authority to issue the directives. *See id.* at 5. The Court was unconvinced, however, that it had statutory subject-matter jurisdiction to address the lawfulness of the third directive—the "in-person-orientation" directive. *Id.* The Court, accordingly, set the first two directives aside as unlawful under the FVRA and the Administrative Procedure Act, U.S.C. §706(2)(A), and dismissed Plaintiffs' challenge to the

third directive for lack of subject-matter jurisdiction. *Id.* at 55. In light of these holdings, moreover, the Court held that it did not need to decide—at least as the case was then framed—whether RAICES also had Article III and statutory standing to challenge the directives and did not need to reach Plaintiffs' alternative grounds for invalidating the directives. *Id.* at 29.

Following that decision, the Court ordered the parties to file a joint status report addressing whether the Court should enter final judgment pursuant to Federal Rule of Civil Procedure 54(b). Minute Order (Mar. 1, 2020). In response, Plaintiffs requested that the Court refrain from entering partial final judgment under Rule 54(b) because Cuccinelli or USCIS might reissue or ratify the directives in contravention of the Court's decision, and because they were concerned that Defendants had not yet fully complied with the Court's Order. Dkt. 35 at 1–3. Defendants disagreed and instead urged "that the only logical next step" was to enter final judgment as to the claims which the Court had resolved. *Id.* at 4–7. Because there was a possibility that the individual Plaintiffs could be affected by reissuance or ratification of the directives, and because USCIS had not clarified whether it intended to ratify the directives (and to give retroactive effect to any such ratification), the Court was hesitant to enter partial final judgment and, instead, ordered that the parties submit a further joint status report. Minute Order (Mar. 18, 2020). The parties have now filed that report. In it, Plaintiffs flag the same concerns they previously raised and, again, ask the Court to delay entry of partial final judgment under Rule 54(b). Dkt. 36 at 1–2. Defendants, in contrast, urge the Court to enter partial final judgment because the individual Plaintiffs have all been "issued Notice[s] to Appear ("NTAs"), and are accordingly no longer in expedited removal proceedings," *id.* at 2—in other words, any ratification or reissuance of the directives would have no bearing on the adjudication of their asylum claims.

## II.  LEGAL STANDARD

Rule 54(b) authorizes district courts to "direct entry of final judgment as to one or more, but fewer than all, claims or parties," but "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  A district court must follow "certain steps . . . in making this determination." *Baystate Med. Ctr. v. Leavitt*, 587 F. Supp. 2d 44, 46 (D.D.C. 2008) (citing *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980)).  The Court must first decide whether its order is final with respect to at least one claim or party.  *See Curtiss-Wright Corp.*, 446 U.S. at 7.  "The decision for certification must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Leavitt*, 587 F. Supp. 2d t 46 (quoting same).  If the Court concludes that the finality requirement is met, it must then "go on to determine whether there is any just reason for delay." *Id.*  In this respect, the Court acts as a "dispatcher" that "determine[s] the appropriate time when each final decision in a multiple claims action is ready for appeal." *Building Indus. Ass'n v. Babbitt*, 161 F.3d 740, 744 (D.C. Cir. 1998) (internal quotations and citations omitted).  Although that decision "rests in the discretion of the [C]ourt," the Court "must exercise its discretion in the interest of sound judicial administration" and must consider "the equities involved." *Id.* (same).

## III.  ANALYSIS

### A.    Finality

Step one is satisfied here because the Court has issued a decision conclusively resolving the individual Plaintiffs' FVRA claims.  Consistent with that decision, the Court set aside two of the three directives, the individual Plaintiffs' negative credible-fear determinations, and the individual Plaintiffs' expedited removal orders, and the Court dismissed Plaintiffs' challenges to

the third directive for lack of subject-matter jurisdiction. Dkt. 34 at 55. According to Defendants, all of the individual Plaintiffs have now received NTAs, and they are no longer in expedited removal proceedings. Dkt. 36 at 2. As a result, no further judicial action is required with respect to the individual Plaintiffs' claims; the Court has entered an order conclusively and finally resolving their claims. *See* Fed. R. Civ. P. 54(b) ("[T]he [C]ourt may direct entry of a final judgment as to one or more, but fewer than all, *claims or parties* . . . ." (emphasis added)).

According to Plaintiffs, the matter is still not ripe for entry of partial final judgment because further judicial action by this Court could be necessary if USCIS ratifies or reissues the two directives that the Court vacated. *See* Dkt. 35 at 1–4. The Court agrees with Plaintiffs that ratification or reissuance would raise issues closely related to matters the Court has already decided; most notably, as explained in the Court's Memorandum Opinion and Order, the issues of vacatur and ratification implicate the same operative text of the FVRA. *See* Dkt. 34 at 43. But that does not mean that a reissuance or ratification would implicate the interest in sound judicial administration. Rather, even assuming that USCIS ratifies or reissues the directives, that act would merely give rise to a new claim for relief and would not bear on the finality of the Court's decision. Indeed, because the individual Plaintiffs have already received the ultimate relief that they sought, it appears that only RAICES would be in a position to object, and the Court would need to decide whether RAICES has constitutional and statutory standing before addressing the merits of any such objection. Moreover, and even more to the point, at this juncture the prospect that USCIS might someday seek to ratify or to reissue the directives is both speculative and indeterminate; the Court can only guess as to whether and, if so, when USCIS might take such an action. The fact that 45 days have now passed without action only adds to that uncertainty.

### B.     No Just Reason for Delay

The Court is also persuaded that there is no just reason to delay entry of partial final judgment under Rule 54(b).  Most significantly, the entry of partial final judgment would not interfere with the sound judicial administration.  *See Leavitt*, 587 F. Supp. 2d at 46.  On the merits, the Court's decision fully and finally resolved the individual Plaintiffs' claims, and they have obtained the ultimate relief they sought.  As far as the Court can ascertain, there is nothing left to do with respect to any of the individual Plaintiffs' claims.  Moreover, the Court's decision also fully and finally resolved all of the Plaintiffs' challenges to the third directive.  As the Court explained, the Court lacks statutory jurisdiction to adjudicate those claims.  Any further district court proceedings in this case, accordingly, will turn, if at all, on whether any action taken by USCIS subsequent to the Court's decision (such as reissuing or purporting to ratify the directives) is lawful and on whether RAICES has Article III and statutory standing to challenge that action.

With respect to the equities, as Defendants note, the individual Plaintiffs' injuries have been redressed and any subsequent USCIS action is unlikely to affect them.  It is possible such an action could affect RAICES, but whether, when, and how it would do so is uncertain.  USCIS, in contrast, has a concrete and substantial interest in avoiding further delay in appellate review of the Court's decision—a decision that bears on the agency's internal administration and that might affect its ability to carry out its statutorily assigned functions.  The balance of equities, thus, tilts decidedly in favor of entry of partial final judgment.

## CONCLUSION

For these reasons, the Court will enter partial final judgment as to the individual Plaintiffs' FVRA claims pursuant to Federal Rule of Civil Procedure 54(b).

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  April 16, 2020